**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
JULIO GUERRERO,

Petitioner,

-against-

UNITED STATES OF AMERICA,

Respondent.
-------------------------------------------------------------X

05 Civ. 3348 (RMB)(FM)

**DECISION AND ORDER**

## I. Background

On or about February 28, 2005, Julio Guerrero ("Guerrero" or "Petitioner"), proceeding pro se, brought this habeas corpus proceeding challenging his conviction, pursuant to a plea agreement, dated March 26, 2004 ("Plea Agreement"), and a guilty plea entered on that date, of one count of conspiracy to commit a robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951, and possession of a firearm during that crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (2).[1] (Letter from AUSA Harry Sandick, dated Nov. 14, 2005 ("Sandick Letter"), at 2.) On or about September 14, 2004, Guerrero was sentenced to 122 months' imprisonment, followed by five years of supervised release, and payment of a $200 special assessment. (Sandick Letter at 5.) Guerrero alleges that he was denied effective assistance of counsel, in violation of the Sixth

[1] The document that Guerrero submitted to the Southern District Pro Se Office made no mention of 28 U.S.C. § 2255 ("§ 2255"). (See Motion to Vacate Based on Ineffective Counsel, dated March 4, 2005 ("Petition"), at 1.) By Order dated March 30, 2005, then Chief Judge Michael B. Mukasey directed Guerrero to submit an affirmation "inform[ing] the Court whether he wishe[d] to pursue [the] action under § 2255." (Order, dated March 30, 2005.) Guerrero did not respond to Judge Mukasey's Order, and on or about August 9, 2005, United States Magistrate Judge Frank Maas, to whom the matter had been referred, ordered that Guerrero's motion be "deemed a motion under § 2255" and directed the Government to reply accordingly. (See Order, dated August 9, 2005.)

Amendment, because (1) his case ended in a guilty plea despite "approximately 1 year and 7 months [in which] to prepare [Guerrero's] defense"; (2) his attorney provided "unsupportive advice"; and (3) his attorney did not provide certain discovery materials that allegedly "would have had a different impact on the outcome of the sentence." (Petition at 1–2.)

On or about July 18, 2006, United States Magistrate Judge Frank Maas issued a thorough and thoughtful Report and Recommendation ("Report") recommending that the Court deny the Petition because "the record before the Court does not permit any inference that the representation and advice that Guerrero received from his attorney through the date of his guilty plea were in any way defective." (Report at 12 (citing Strickland v. Washington, 466 U.S. 668, 689 (1984)). Judge Maas also noted that any arguments that defense counsel's conduct adversely affected Guerrero's sentence were "waived by [Guerrero's] agreement not to appeal or otherwise challenge a sentence within the Stipulated Guidelines Range [of 121 to 130 months]." (Report at 13.)

The Report instructed that "the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections." (Report at 16.) Neither Petitioner nor Respondent submitted objections to the Report.

**For the reasons stated below, the Report is adopted in its entirety and the Petition is dismissed.**

## II. Standard of Review

The Court may adopt those portions of a magistrate judge's report as to which no objections have been made and which are not clearly erroneous. See, e.g., Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Where, as here, the petitioner is proceeding pro se, the Court construes the petitioner's

claims liberally, see Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999), and "leniency is generally accorded." Bey v. Human Res. Admin., No. 97 Civ. 6616, 1999 WL 31122, at *2 (E.D.N.Y. Jan 12, 1999).

## III. Analysis

The Court has conducted a review of the Report (and applicable legal authorities) and finds that Magistrate Judge Maas's determinations and recommendations are not clearly erroneous and are, in fact, supported by the law and the record in all respects. See Pizarro, 776 F. Supp. at 817. Judge Maas correctly concluded, among other things, that (1) "nothing on the docket or in Guerrero's moving papers . . . suggests that [he] was in any way prejudiced" by any delay resulting from plea negotiations; (2) because "Guerrero admitted the use of a firearm at least twice," and "the testimony of both the victim and Guerrero's co-conspirator and . . . the videotape of Guerrero committing the robbery" would likely have been introduced at trial, "defense counsel can scarcely be faulted" for not advising Guerrero to object to the statement "that Guerrero had brandished a gun"; and (3) "a defendant is not entitled to receive any witness statements in the Government's possession until the witness has testified on direct at trial." (Report at 12, 14–15); 18 U.S.C. § 3500(a).

## IV. Certificate of Appealability

A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253. Guerrero has made no such showing, and a certificate of appealability is neither warranted nor appropriate. See Nerys v. United States, No. 02 Civ. 3359 (MBM), 2003 WL 1948812, *1 -2 (S.D.N.Y. April 24, 2003).

## V. Conclusion and Order

For the foregoing reasons, the Court adopts the Report in its entirety, and the Petition is dismissed. The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
May 8, 2007



RICHARD M. BERMAN, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/8/07